UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT PENNSYLVANIA

| | |
|---|---|
| CHASE SHAFFER, | : |
| Plaintiff, | : Civ. Action No. 2:24-cv-00969 |
| v. | : |
| UNITED STATES STEEL CORPORATION, | : |
| Defendant. | : |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, and 29 U.S.C. § 185, Defendant United States Steel Corporation ("Defendant USS") hereby submits this Notice of Removal of a case from the Court of Common Pleas of Allegheny County and states as follows as the bases for removal.

### BACKGROUND

1. On or about May 29, 2024, Plaintiff Chase Shaffer ("Plaintiff") filed a "Class Action Complaint" (the "Complaint") captioned *Chase Shaffer v. United States Steel Corporation*, Case ID GD-24-005941, in the Court of Common Pleas of Allegheny County. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. Defendant USS was served with the Complaint on June 5, 2024. No other pleadings, process, or orders were served on Defendant USS.

### COMPLIANCE WITH PROCEDURAL REQUIREMENTS

3. This Notice is timely filed under 28 U.S.C. § 1446(b) because Defendant USS has filed this Notice of Removal within thirty (30) days of service of the Complaint.

4. Defendant USS has not filed any answer or other pleading in the Court of Common Pleas of Allegheny County.

5. The Court of Common Pleas of Allegheny County, in which Plaintiff's Complaint is filed, is within this Court's District. Therefore, the action is properly removable to this Court pursuant to 28 U.S.C. § 1446(a).

6. Pursuant to 28 U.S.C. §1446(d), Defendant has provided this written Notice of Removal to all adverse parties and will promptly file a Notice of Filing of Notice of Removal with the Clerk of the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania.

## **LMRA PREEMPTION**

7. This action is being removed to this Court on the basis of preemption under 29 U.S.C. § 185(a), as it implicates federal law because it involves a controversy requiring the interpretation of a collective bargaining agreement ("CBA") governing the actions of the Parties in interest.

8. In particular, Plaintiff is a member of the United Steel, Paper, and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("USW"), a labor union with whom Defendant USS has a CBA known as the "Basic Labor Agreement," "BLA," or "Agreement." *See* Exhibit B, Declaration of Rebecca S. Bloom ("Bloom Decl."), ¶ 3.

9. Article Two, Section A. 1., of the BLA recognizes the USW as the exclusive representative of the bargaining unit to collectively bargain with USS over rates of pay, hours of work, overtime, compensable work, and other terms and conditions of employment. *Id.* at ¶ 4.

10. Plaintiff seeks to represent a class of employees who are also simultaneously represented by the USW and whose employment with USS is governed by the terms in the BLA.

11.     At all times relevant to this action, Plaintiff was employed at Defendant USS's Irvin plant, which is specifically covered by the BLAs. *Id.* at ¶ 5.

12.     Plaintiff's Complaint asserts a cause of action under Pennsylvania's Minimum Wage Act ("PMWA") based on Defendant USS's alleged failure to compensate him and alleged Class Members for all time performing certain tasks prior to and after their scheduled shifts. *See* Compl. ¶¶ 10-12.  The Complaint also "challenges the legality under the PMWA of Defendant's company-wide timekeeping, compensation, and payroll practices.". *Id.* at ¶ 16.

13.     The compensation, payroll practices, and various activities applicable to Plaintiff and the class of employees he purports to represent were mutually negotiated by USS and the USW and are set by the BLAs.  BLA terms govern Plaintiff's (and other purported class members') schedule of work, compensable work, wages, overtime pay (including methods of calculating overtime), and job descriptions, the precise issues present here.  Therefore, adjudication of his PMWA claim would necessitate interpretation and application of relevant provisions of the BLA governing Plaintiff's job duties, compensable work, overtime, and wages.  In fact, Plaintiff's claim is inextricably linked with the terms and conditions of his employment, as governed by the terms of the BLAs.

14.     Under Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141, *et seq.*, this Court has original jurisdiction over lawsuits concerning "violation[s] of contract between an employer and a labor organization[.]" 29 U.S.C. § 185(a).  Additionally, "when resolution of a state-law claim is substantively dependent upon analysis of the terms of an agreement made between parties in a labor contract, that claim must be treated as a[n LMRA] claim[.]" *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985); *see Johnson v. NBC Universal, Inc.*, 409 Fed. App'x 529, 532 (3d Cir. 2010) ("State law claims are completely

3

preempted by the LMRA when the claims are substantively dependent upon analysis of the terms of an agreement made between the parties in a labor contract[.]") (internal quotation omitted); *Penn. Fed'n Bd. of Maintenance Way Emps. v. Nat'l R.R. Passenger Corp.*, 989 F.2d 112, 115 (3d Cir. 1993) (removal of claim under PMWA alleging that certain uncompensated activities were compensable under the statute was preempted by the LMRA because the claim "required interpretation of the collective bargaining agreement to see exactly what the duties of the employees are").

15. The importance of complete preemption under the LMRA arises because, as the Supreme Court explained, "the subject matter of § 301(a) is particularly one that calls for uniform law." *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103 (1962) (cleaned up). The need for uniformity is especially important because, absent uniform interpretation of collective bargaining agreements, "[t]he possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective bargaining agreements." *Id.* This is especially pressing here, as the BLA covers workers throughout the nation subject to multiple state minimum wage laws, not only Pennsylvania employees subject to the PMWA.

16. As to Plaintiff's claim under the PMWA, the BLAs set forth USS' and the USW's mutual agreement concerning the terms and conditions of the bargaining units' employment with USS, including but not limited to wages, job duties, overtime, compensable work, and hours of work.

17. Additionally, the BLA calls for USS, the USW, and employees of the bargaining unit to grieve and arbitrate differences arising between USS and the USW as to the interpretation or application of, or compliance with, the provisions of the BLA.

18. Here, to determine whether Plaintiff is entitled to compensation under the PMWA (and corresponding regulations), the Court must determine whether USS requires him to be on the premises of the employer, to be on duty, or to be at the prescribed workplace to perform the various activities at issue.

19. As the Third Circuit recognized in *Nat'l R.R. Passenger Corp.*, "it is impossible to determine whether [the activities of the plaintiff are] 'part of the duties of the employee' without interpreting the collective bargaining agreement to see exactly what the duties of the employees are." 989 F.2d at 115. Additionally, it is impossible to determine whether the activities occur "'during normal working hours' without interpreting the collective bargaining agreement to ascertain the normal working hours." *Id.*

20. Similarly, because Plaintiff alleges actions on the part of USS that would be in breach of the BLA, and resolution of Plaintiff's PMWA claim would necessitate the analysis and interpretation of his job duties, hours of work, compensable duties, and wages as provided in the governing BLAs, this Court has original jurisdiction over his claims pursuant to the LMRA's complete preemption of such claims.

## **MISCELLANEOUS**

21. Defendant USS files this Notice without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has stated claims upon which relief can be granted, and without conceding that Plaintiff is entitled to any damages against Defendant in any amount.

22. By filing this Notice of Removal, Defendant does not make any admission of fact, law, or liability, including expressly without conceding that Plaintiff is similarly situated to the alleged purported class. Defendant expressly reserves the right to raise any and all available procedural and substantive defenses.

23. Upon filing this Notice of Removal, Defendant USS will provide a written notification to Plaintiff and will file a Notice of Filing of Notice of Removal with the clerk of the Court of Common Pleas of Allegheny Count, Commonwealth of Pennsylvania. A copy of the Notice of Notice of Removal is attached as Exhibit C (without exhibits).

WHEREFORE, Defendant USS respectfully requests that this action, previously pending in the Court of Common Pleas of Allegheny County, be removed to the U.S. District Court for the Western District of Pennsylvania.

Date: July 3, 2024

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Marla N. Presley*
Marla N. Presley, PA ID No. 91020
Laura C. Bunting, PA ID No. 307274
1001 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
(412) 232-0404 (Tel)
(412) 232-3441 (Fax)
Marla.Presley@jacksonlewis.com
Laura.Bunting@jacksonlewis.com

Andrew J. Bellwoar
*(Pro Hac Vice to be filed)*
10701 Parkridge Blvd., Suite 300
Reston, VA  22102
(703) 483-8300 (Tel)
Andrew.Bellwoar@jacksonlewis.com

**Counsel for Defendant United States Steel Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2024, the foregoing document was filed with the clerk of this Court via the CM/ECF system, and served via email to the Plaintiff as follows:

Peter Winebrake, Esq.
R. Andrew Santillo, Esq.
**WINEBRAKE & SANTILLO, LLC**
715 Twining Road
Suite 211
Dresher, PA  19025
Tel:     (215) 884-2491
asantillo@winebrakelaw.com

Timothy Conboy, Esq.
**CONBOYLAW, LLC**
733 Washington Road
Suite 201
Pittsburgh, PA  15228
Tel:     (412) 343-9060
tim@conboylaw.com

 */s/ Marla N. Presley*
Marla N. Presley (PA Bar No. 91020)

***Counsel for Defendant United States Steel Corporation***