IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHASE SHAFFER, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:24-cv-00969 |
| | ) |
| v. | ) Judge Cathy Bissoon |
| | ) |
| UNITED STATES STEEL CO., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Chase Shaffer's Motion to Remand (Doc. 11) will be granted, and Defendant U.S. Steel Corporation's ("USS") Motion to Dismiss (Doc. 17) will be denied as moot.

## I. MEMORANDUM

Shaffer commenced this putative class action against USS in the Court of Common Pleas of Allegheny County, Pennsylvania, based on his sole claim under the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101 *et seq.* ("PMWA"),[1] for unpaid overtime wages for certain pre- and post-shift activities at USS's Irvin steel plant.[2] USS then removed this case, arguing that Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), compels complete preemption. USS subsequently moved to dismiss Shaffer's claim, the briefing of

---

[1] The PMWA provides supplemental protections that extend beyond federal rights, such as compensation for "all hours worked," 43 P.S. § 333.104(a), which includes activities such as "time during which an employee is required by the employer to be on the premises of the employer," 34 Pa. Code § 231.1(b).

[2] Shaffer and other Hourly Employees at the Irvin Plant, who were employed since May 1, 2023, seek overtime wages for time associated with the following pre- and post-activities: walking to and from the locker room/changing areas and the Plant entrance/exit; waiting for, gathering, donning, and doffing personal protective equipment ("PPE"); walking to assigned work locations; and showering after shifts. Compl. (Doc. 1-1) at ¶¶ 11–12.

which has been stayed pending the resolution of Shaffer's Motion to Remand in which Shaffer contends that USS has failed to carry its burden of demonstrating that subject-matter jurisdiction exists, and removal is proper. The Court agrees.

USS's Opposition (Doc. 22) is three-fold, and the Court addresses each in turn. First, USS contends that the resolution of Shaffer's PMWA claim is substantially dependent on the interpretation of the Basic Labor Agreements ("BLA"), necessitating LMRA preemption. Specifically, USS asserts that Shaffer's PMWA claim is "inevitably intertwined" because the Court is required to interpret the BLA's provisions governing compensable work and job duties,[3] which are "integral to an analysis of whether the tasks at issue can be considered 'hours worked'" under the PMWA. *See* Opp'n 13–19 (citing Penn. Fed'n Bd. of Maintenance Way Emps. v. Nat'l R.R. Passenger Corp. ("AMTRAK"), 989 F.2d 112 (3d Cir. 1993); Vadino v. A.

---

[3] USS points to Appendix N, which "specifically delinate[s] between compensable and non-compensable preparatory and closing activities," Opp'n 17, and provides that certain OSHA employees are compensated for wash up time, *id*. The BLAs provide in pertinent part:

> [USS] is not obligated to pay Employees for preparatory or closing activities which occur outside of their scheduled shift or away from their worksite (*i.e.*, so-called 'portal-to-portal activities'). Such activities include such things as donning and doffing of protective clothing (including such items as flame-retardant jacket and pants, metatarsal boots, hard hat, safety glasses, ear plugs, and a snood or hood), and washing up.
>
> . . .
>
> Employees who work in OSHA regulated areas and who are required to shower at the end of their shift will be provided with twenty (20) minutes washup time prior to the end of the Employee's shift, or a daily additive in an amount calculated at four-tenths (0.4) of an hour at the Employee's Base Rate of Pay, at the Company's choice. Existing local practices which may permit more than twenty (20) minutes of such wash-up time shall not be affected by this agreement.

Appendix N—FLSA Matters, Ex. 1 (Doc. 1-2) at ECF banner pp. 140 & 301.

Valey Engineers, 903 F.2d 253 (3d Cir. 1990); Townsend v. BC Nat. Chicken LLC, (E.D. Pa. Feb. 2, 2007); Drake v. Hyundai Rotem USA, Corp., 2013 WL 4551228 (E.D. Pa. Aug. 28, 2013)).

The Court finds, however, that it merely consults, rather than interprets, the BLAs because the BLAs are silent as to whether the pre- and post-shift activities were required to be performed on the premises of the Irvin plant. *See* Mot. Remand Mem. Law (Doc. 12) at 13–14; *see also* Reply 4 (citing Guidas v. United States Steel Corp., 2024 WL 2729905 (W.D. Pa. May 28, 2024)).[4] As such, the resolution of Shaffer's PMWA claim simply "require[s] applying certain facts in conjunction with the . . . 'hours worked' provision," Reply 4 (internals omitted), and overtime provisions of the PMWA. *See* Kline v. Security Guards, Inc., 386 F.3d 246, 256 (3d Cir. 2004); *see also* Ballard v. BHI Energy, Inc., 2022 WL 4464959, at *5 (W.D. Pa. Sept. 26, 2022) (citing Beauregard v. Broadway Elec. Serv. Corp., 2022 WL 2293969, at *6 (W.D. Pa. June 24, 2022), LaRue v. Great Arrow Builders LLC, 2020 WL 5747818, at *16 (W.D. Pa. Sept. 25, 2020)).[5]

---

[4] The undersigned agrees that the *Guidas* decision is well-written and reasoned. Plaintiff's counsel, however, are doing themselves no favors ignoring law school 101 best practices that one should not drone on – block quote by block quote – about *one* opinion (even when the contracts are identical and facts similar), particularly where, as here, there is a growing body of law supporting their contentions. This lesson became clear as Shaffer's Reply does not suffer from this same shortfall.

[5] For substantially the same reasons provided in Shaffer's Reply, USS's reliance on *AMTRAK*, *Vadino* and *Townsend* is misplaced as none of these decisions were issued prior to Bell v. Se. Pa. Transp. Auth., 733 F.3d 490 (3d Cir. 2013), the decision USS fails to cite, let alone grapple with at all. Putting this "ignorance is bliss" strategy aside, as Shaffer points out, USS's reliance on *AMTRAK* "predated the U.S. Supreme Court's decision in *Livadas*, which articulated the rule that mere consultation of a [collective bargaining agreement ("CBA")] does not warrant LMRA Section 301 preemption." Reply 4 n.8 (citing Malone v. United Parcel Serv., Inc., 2023 WL 3362588, at *5 (E.D. Pa. May 9, 2023) (relying on Livadas v. Bradshaw, 512 U.S. 107, 124 (1994)). Additionally, the Court agrees that *Vadino* is distinguishable because that case required

Although Shaffer fails to address USS's second argument regarding arbitration, courts have allowed plaintiffs to proceed with their PMWA claim without first exhausting the CBA's arbitration provision where a claim for overtime pay, based solely on a plaintiff's independent statutory right, does not depend on the interpretation of a CBA, as is the case here. *See, e.g.*, Jones v. Does 1-10, 857 F.3d 508, 516 (3d Cir. 2017) ("In sum, neither of the plaintiffs' FLSA claims depend on disputed interpretations of CBA provisions such that arbitration is necessary."); *see also* Bell, 733 F.3d at 496 (concluding FLSA claims could proceed without first seeking arbitration because they "rel[ied] solely on their statutory, rather than their contractual, rights to recovery").

USS's third and final argument raises uniformity concerns. Specifically, USS contends that the resolution of Shaffer's PMWA claim will frustrate the uniform development of federal law and will unilaterally re-define the carefully negotiated provisions of the BLAs, which are applicable to its employees across the nation. *See* Opp'n 9–13. Here, the Court finds USS's argument unpersuasive as Shaffer's PMWA claim is not dependent on the interpretation of the BLAs despite activities occurring in conjunction with the duties addressed under the BLAs.

---

the interpretation of the CBA given that plaintiff's FLSA claim sought compensation pursuant to the terms of the CBA. *Id*. (citing Vadino, 903 F.2d at 257). As Shaffer correctly articulates, the Third Circuit has distinguished *Vadino* on this basis in *Bell*, *see id*. at 4–5 (citing Bell, 733 F.3d at 495), and Shaffer's PMWA claim does not depend on the resolution of the reading of the BLAs. Moreover, USS's reliance on *Townsend* ignores that its holding was based on § 203(o) of the FLSA, which allows parties to exclude certain activities from an overtime calculation through their CBA, Townsend, 2007 WL 442386, at *4, and there is no analogous statutory provision here, *see* Larue v. Great Arrow Builders LLC, 2020 WL 5747818, at *17 n.7 (W.D. Pa. Sept. 25, 2020). For similar reasons, the Court finds *Drake* unpersuasive as well. *See id.* (distinguishing *Drake*, as the opinion failed to account for the Pennsylvania legislature's decision not to incorporate a similar FLSA exception into the PMWA; or recognize that PMWA claims are independent of the CBA; or the fact that CBA provisions addressing similar subjects does not, alone, rise to the level of the interpretation of a CBA).

Additionally, as Shaffer correctly maintains, his PMWA claim is grounded entirely on USS's alleged violation of his statutory right – not the BLA – which cannot be abridged by contract. *See* Mot. Remand Mem. Law 6–7 (listing cases). The Court embraces this well-established principle as it reflects the Pennsylvania General Assembly's intent when it enacted the PMWA to provide "more generous protections" for Pennsylvania employees. Chevalier v. Gen. Nutrition Ctrs., Inc., 220 A.3d 1038, 1055 (Pa. 2019); *see also* Verma v. 3001 Castor, Inc., 937 F.3d 221, 229 (3d Cir. 2019) ("The whole point of the FLSA and the PMWA is to protect workers by overriding contractual relations through statute.").

## II.     ORDER

For these reasons, Plaintiff Chase Shaffer's Motion for Remand (Doc. 11) is **GRANTED**, and Defendant U.S. Steel Corporation's ("USS") Motion to Dismiss (Doc. 17) is **DENIED AS MOOT**. This case is **REMANDED FORTHWITH** to the Court of Common Pleas of Allegheny County, Pennsylvania.

IT IS SO ORDERED.

March 18, 2025                                      s/Cathy Bissoon
                                                                                                                  Cathy Bissoon
                                                                                                                  United States District Judge

cc (via ECF email notification):

All Counsel of Record